**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| COURTHOUSE NEWS SERVICE, | : | CASE NO.: 1:25-cv-02617 |
| | : | |
| Plaintiff, | : | |
| v. | : | JUDGE J. PHILLIP CALABRESE |
| | : | |
| SHEILA BEVINGTON, in her official | : | **ANSWER** |
| Capacity as Clerk of the Geauga County | : | |
| Court of Common Pleas, et al., | : | |
| | : | |
| Defendants. | | |

Now come Defendants, Sheila Bevington in her official capacity as the Clerk of the Geauga County Court of Common Pleas and Carl DiFranco in his official capacity as the Clerk of the Lake County Court of Common Pleas, by and through counsel, and for their Answer to Plaintiff's Complaint states as follows:

1.      Defendants deny or deny for want of information all allegations contained in paragraph 1 of Plaintiff's Complaint.

2.      Defendants deny all allegations contained in paragraphs 2 and 3 of Plaintiff's Complaint.

3.      Answering paragraph 4 of Plaintiff's Complaint, Defendants admit and aver that the First Amendment provides the press and public with a qualified right of access to newly filed civil complaints. Further answering said paragraph 4, Defendants deny all remaining allegations contained therein not expressly admitted herein, and deny all liability.

4.      Answering paragraph 5 of Plaintiff's Complaint, Defendants admit and aver that court policies and practices that restrict access to newly filed civil complaints are subject to constitutional scrutiny.  Further answering said paragraph 5, such paragraph contains legal conclusions, which Defendants deny to the extent that they deviate from clearly-established law.

5.     Defendants deny all allegations contained in paragraph 6 of Plaintiff's Complaint.

6.     Defendants deny for want of information all allegations contained in paragraph 7 of Plaintiff's Complaint.

7.     Defendants deny all allegations contained in paragraphs 8, 9, and 10 of Plaintiff's Complaint.

8.     Answering paragraph 11 of Plaintiff's Complaint, Defendants admit and aver that Geauga County Clerk of Court's Office received a letter purporting to be from an attorney representing Plaintiff in June 2025.  Further answering said paragraph 11, Defendants deny or deny for want of information all remaining allegations contained therein not expressly admitted herein.

9.     Answering paragraph 12 of Plaintiff's Complaint, Defendants admit and aver that Lake County Clerk of Court's Office received an email purporting to be from an attorney representing Plaintiff in June 2025.  Further answering said paragraph 12, Defendants deny or deny for want of information all remaining allegations contained therein not expressly admitted herein.

10.     Defendants deny for want of information all allegations contained in paragraph 13 of Plaintiff's Complaint, and deny all liability in this matter.

11.     Answering paragraph 14 of Plaintiff's Complaint, Defendants deny that this Court has subject-matter jurisdiction over this action.  Further responding to said paragraph 14, Defendants deny or deny for want of information all remaining allegations contained therein not expressly admitted herein, and deny all liability.

12.     Defendants admit all allegations contained in paragraph 15 of Plaintiff's Complaint.

13.     Answering paragraph 16 of Plaintiff's Complaint, Defendants admit that venue is appropriate in this district and that Defendants are public officials who are employed in, performs

duties in, and reside in Geauga and Lake Counties, Ohio.  Further responding to said paragraph 16, Defendants deny or deny for want of information all remaining allegations contained therein not expressly admitted herein, and deny all liability.

14.     Defendants deny for want of information all allegations contained in paragraph 17 of Plaintiff's Complaint.

15.     Answering paragraph 18 of Plaintiff's Complaint, Defendants admit that Sheila Bevington is the Clerk of Courts for the Geauga County Court of Common Pleas, and that the clerk is responsible for, among other things, the administration of court records.  Further answering said paragraph 18, Defendants deny or deny for want of information all remaining allegations contained therein not expressly admitted herein, and deny all liability.

16.     Answering paragraph 19 of Plaintiff's Complaint, Defendants admit that Carl DiFranco is the Clerk of Courts for the Lake County Court of Common Pleas, and that the clerk is responsible for, among other things, the administration of court records.  Further answering said paragraph 19, Defendants deny or deny for want of information all remaining allegations contained therein not expressly admitted herein, and deny all liability.

17.     Defendants deny for want of information all allegations contained in paragraph 20 of Plaintiff's Complaint, and deny all liability.

18.     Defendants deny all allegations contained in paragraph 21 of Plaintiff's Complaint.

19.     Answering paragraph 22 of Plaintiff's Complaint, Defendants admit that their acts and omissions are under the color of law and constitute state action.  Further answering said paragraph 22, Defendants deny or deny for want of information all remaining allegations contained therein not expressly admitted herein, and deny all liability.

20. Answering paragraph 23 of Plaintiff's Complaint, Defendants admit and aver that in June 2025, Geauga County Clerk of Court's Office received the letter attached to Plaintiff's Complaint as Exhibit "A". Further answering said paragraph 23, Defendants deny or deny for want of information all remaining allegations contained therein not expressly admitted herein, and deny all liability.

21. Answering paragraph 24 of Plaintiff's Complaint, Defendants admit and aver that in June 2025, Lake County Clerk of Court's Office received the email attached to Plaintiff's Complaint as Exhibit "B". Further answering said paragraph 24, Defendants deny or deny for want of information all remaining allegations contained therein not expressly admitted herein, and deny all liability.

22. Defendants deny for want of information all allegations contained in paragraphs 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, and 39 of Plaintiff's Complaint.

23. Defendants deny or deny for want of information all allegations contained in paragraph 40 of Plaintiff's Complaint.

24. Paragraph 41 of Plaintiff's Complaint contains legal conclusions, which Defendants deny to the extent that they deviate from clearly-established law.

25. Answering paragraph 42 of Plaintiff's Complaint, Defendants admit that they are not permitted to make judicial decisions, rulings, or findings. Further answering said paragraph 42, Defendants deny or deny for want of information all remaining allegations contained therein not expressly admitted herein, and deny all liability.

26. Answering paragraph 43 of Plaintiff's Complaint, Defendants admit that Court rules require specific conditions for documents being filed under seal, that a judge must approve a party's motion to file under seal prior to filing, and that sealed documents are filed using the e-file

system. Further answering said paragraph 43, Defendants deny or deny for want of information all remaining allegations contained therein not expressly admitted herein, and deny all liability.

27. Answering paragraph 44 of Plaintiff's Complaint, Defendants admit that Defendants' e-filing systems are provided by Courtview and that before one may electronically submit a complaint, he or she must enter basic case information and other submission requirements. Further answering said paragraph 44, Defendants deny or deny for want of information all remaining allegations contained therein not expressly admitted herein, and deny all liability.

28. Defendants deny all allegations contained in paragraph 45 of Plaintiff's Complaint.

29. Answering paragraph 46 of Plaintiff's Complaint, Defendants admit and aver that processing takes time, but the time the processing takes does not violate the United States Constitution. Further answering said paragraph 46, Defendants deny all remaining allegations contained therein not expressly admitted herein, and deny all liability.

30. Defendants deny all allegations contained in paragraphs 47 and 48 of Plaintiff's Complaint.

31. Paragraphs 49, 50, 51, 52, and 53 contain legal conclusions, which Defendants deny to the extent that they deviate from clearly-established law.

32. Defendants deny for want of information all allegations contained in paragraph 54 of Plaintiff's Complaint.

33. Paragraphs 55 and 56 contain legal conclusions, which Defendants deny to the extent that they deviate from clearly-established law.

34. Defendants deny for want of information all allegations contained in paragraph 57 of Plaintiff's Complaint.

35. Answering paragraph 58 of Plaintiff's Complaint, Defendants deny that its policies are not essential to preserve higher values and are not narrowly tailored. The remainder of paragraph 58 contains legal conclusions, which Defendants deny to the extent that they deviate from clearly-established law.

36. Paragraph 59 contains legal conclusions, which Defendants deny to the extent that they deviate from clearly-established law.

37. Defendants deny all allegations contained in paragraphs 60, 61, and 62 of Plaintiff's Complaint.

38. Defendants deny or deny for want of information all allegations contained in paragraphs 63, 64, 65, 66, 67, 68, 69, and 70 of Plaintiff's Complaint.

39. Answering paragraph 71 of Plaintiff's Complaint, Defendants admit that in *Courthouse News Service v, O'Shaughnessy,* Case No. 22-02471, the United States District Court for the Southern District of Ohio issued an injunction requiring the Franklin County Clerk to provide same day access to newly filed civil complaints. Further answering said paragraph 68, Defendants deny for want of information all remaining allegations contained therein not expressly admitted herein.

40. Defendants deny for want of information all allegations contained in paragraph 72 of Plaintiff's Complaint.

41. Defendants deny all allegations contained in paragraphs 73 and 74 of Plaintiff's Complaint.

42. Answering paragraph 75 of Plaintiff's Complaint, Defendants reallege all the admissions, denials, and averments set forth above in Paragraphs 1 – 41 as if fully incorporated herein.

43.     Defendants deny all allegations contained in paragraphs 76, 77, and 78 of Plaintiff's Complaint.

44.     Paragraph 79 of Plaintiff's Complaint contains legal conclusions, which Defendants deny to the extent that they deviate from clearly-established law.

45.     Defendants deny all allegations contained in paragraphs 80 and 81 of Plaintiff's Complaint.

46.     Answering Plaintiff's Prayer for Relief, Defendants deny that Plaintiff is entitled to the relief sought therein.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

47.     The Complaint fails to state a claim upon which relief may be granted in some or all respects.

**SECOND DEFENSE**

48.     This Court lacks jurisdiction over Plaintiff's claims.

**THIRD DEFENSE**

49.     Plaintiff lacks standing to bring this action.

**FOURTH DEFENSE**

50.     Defendants are immune from some or all of Plaintiff's claims under the Eleventh Amendment to the United States Constitution.

**FIFTH DEFENSE**

51.     Federal court abstention based on principles of federalism and comity, and/or based on the legal purview of the Ohio Supreme Court concerning access to Ohio court records.

## SIXTH DEFENSE

52.     Plaintiff's claims arise, in whole or in part, from the actions or conduct of unrelated third parties whom Defendants do not control.

## SEVENTH DEFENSE

53.     Plaintiff's claims are barred, in whole or in part, by principles of common-law immunity.

## EIGHTH DEFENSE

54.     Plaintiff's claims are barred by the applicable statute of limitations.

55.     Defendants reserves the right to assert additional affirmative defenses as discovery progresses in this case.

WHEREFORE, having fully answered, Defendants pray that Plaintiff's Complaint be dismissed and that it may go hence without cost or delay.

Respectfully submitted,

**MEYERS ROMAN FRIEDBERG & LEWIS**

*/s/ Amily A. Imbrogno*
Amily A. Imbrogno (0092434)
Jonathan Sauline (0090822)
28601 Chagrin Blvd., Suite 600
Cleveland, OH 44122
(216) 831-0042 / Fax: (216) 831-0542
aimbrogno@meyersroman.com
jsauline@meyersroman.com

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 30, 2025, the foregoing Answer was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

 */s/ Amily A. Imbrogno*
Amily A. Imbrogno (0092434)

*Counsel for Defendants*