IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (CLEVELAND)

| | | |
|---|---|---|
| COURTHOUSE NEWS SERVICE, | : | CASE NO. 1:25-cv-02617 |
| Plaintiff, | : | Judge J. Philip Calabrese |
| v. | : | |
| SHEILA BEVINGTON, in her official capacity as Clerk of the Geauga County Court of Common Pleas, *et al.*, | : | **RULE 26(F) REPORT OF THE PARTIES** |
| Defendants. | : | |

When preparing this Report, please note that the Court will refer back to this document throughout the pretrial management of the case.

1. **Attendance at 26(f) Conference.**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.3, a conference was held on February 26, 2026, in person/over the phone/by Zoom, and attended by:

Griffin R. Reyelts, counsel for Plaintiff Courthouse News Service; and Amily A. Imbrogno and Jonathan Sauline, counsel for Defendants Sheila Bevington in her official capacity as the Clerk of the Geauga County Court of Common Pleas and Carl DiFranco in his official capacity as the Clerk of the Lake County Court of Common Pleas.

2. **Initial Disclosures.**

The Court **strongly** prefers that the parties exchange *robust* initial disclosures at least 7 days *before* the Rule 26(f) conference to facilitate discussions.

1

The parties:

<u>X</u>      have exchanged the initial disclosures required by Rule 26(a)(1);

\_\_\_      will exchange such disclosures by _____;

If selecting this option, please explain why counsel decided to hold the Rule 26(f) conference without the benefit of initial disclosures:

\_\_\_      have not been required to make initial disclosures.

If selecting this option, please identify the provision of Rule 26 authorizing an exemption:

3.      **<u>Track</u>.**

The parties recommend the following track for this matter:

<u>X</u>   Standard      \_\_\_   Expedited    \_\_\_ Complex

\_\_\_   Administrative      \_\_\_   Mass Tort

4.      **<u>Consent to Magistrate Judge</u>.**

The parties \_\_\_ **DO / <u>X</u> DO NOT** consent to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c).

Short of the case as a whole, are there any specific issues or limited proceedings, such as motions for preliminary injunction, hearings, or discovery geared toward a dispositive issue, for which partial consent to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c) might be appropriate?

**No**.

If so, please identify those issues or proceedings to which the parties are willing to consent:

**N/A**.

2

5. **Preservation.**

Did the parties discuss issues relating to the preservation of documents?

   <u>X</u>  Yes           <u>   </u>  No

Did the parties discuss issues relating to the preservation of electronically stored information, including emails, social media, or other information?

   <u>X</u>  Yes           <u>   </u>  No

6.      **Electronically Stored Information.**

Have counsel conferred with their respective clients about the types, sources, and volume of potentially discoverable electronically stored information?

    Counsel for Plaintiff:   Yes.

    Counsel for Defendant:  Yes.

    The parties:

____  agree that there will be no discovery of electronically stored information;

____  have agreed to a method for conducting discovery of electronically stored information, which they will submit to the Court for entry by _____; or

_X_  have agreed to follow the default standard for discovery of electronically stored information found in Appendix K to the Local Rules.

If using Appendix K to the Local Rules, by initialing below counsel certify that they exchanged the information required by Paragraphs 3(a) and 3(d) of Appendix K and designated an e-discovery coordinator pursuant to Paragraph 4.

    Counsel for Plaintiff   GR

    Counsel for Defendant  AI

Please identify the designated e-discovery coordinator:

    Plaintiff:  Griffin R. Reyelts

    Defendant: Amily A. Imbrogno

4

7. **Claims of Privilege or Protection.**

The parties have discussed issues regarding information protected by attorney- client privilege and the work-product doctrine:

    X     Yes               No

The parties have agreed on the timing, contents, and format for privilege logs.

    X     Yes               No

Please describe how and when the parties intend to comply with Rule 26(b)(5)(A):

The parties will produce privilege logs following completion of document production describing the nature of the documents, communications, or tangible things not produced or disclosed.

The parties have agreed to a procedure, or any other agreement, to assert claims of privilege under Rule 26(b)(5)(B) and Rule 502 of the Federal Rules of Evidence:

    X     Yes               No

The parties agree that the Court should enter an order pursuant to Rule 502(d) that attorney-client privilege or work-product protection is not waived by disclosure connected to this matter pending before the Court, and further that any such disclosure does not operate as a waiver in any other federal or State proceeding:

    X     Yes               No

If the parties do not believe the Court should enter an order pursuant to Rule 502(d), please explain:

**N/A.**

8.     **Protective Order.**

The parties have discussed whether the Court should enter a protective order to facilitate discovery:

      <u>X</u>   Yes          ___   No

The parties believe the Court should enter a protective order in this case:

___   Yes

<u>X</u>   No

___   Not at this time, but possibly later

___   The parties disagree

If yes, the parties agree to follow the form protective order found in Appendix L to the Local Rules:

      ___   Yes          ___   No

If the parties believe that the case warrants use of the two-tier version of the Appendix L protective order, please say so here and briefly indicate why:

**N/A**. _____

If not, please explain what variations to the form protective order found in Appendix L are needed:

**N/A**. _____

6

9. **<u>Recommended Plan for Case Management and Discovery</u>.**

---

**IMPORTANT NOTICE FOR PARTIES:**

At the request of the parties, the Court will reschedule the case management conference to allow counsel to provide as complete, specific, and meaningful information as possible in this section.

The Court understands that the information provided here will change during the course of litigation, but expects parties to exercise reasonable diligence and act in good faith to provide this information at the outset of the case.

---

What are the *specific* disputes of fact or law at the heart of the case that will drive dispositive motions, trial on the merits, or another resolution?

**<u>Plaintiff's Perspective</u>**: <u>Whether Courthouse News has a qualified First Amendment right of access to new, non-confidential civil complaints and whether Defendants' no-access-before-process policy restricts Courthouse News' access to new civil complaints in violation of its First Amendment right of access.</u>

**<u>Defendants' Perspective</u>**: <u>Whether Lake and Geauga Counties policies regarding new filings needing review prior to public access to ensure they meet the requirements of a new complaint are constitutionally sound and narrowly tailored so as to allow some brief delay in access to these documents; whether there is a widespread tradition of the access demanded by Plaintiff and whether that access plays a significant positive role in the functioning of the courts.</u>

Bearing in mind the proportionality requirement of Rule 26(b)(1), please provide the following information:

What discovery, if any, is necessary to frame the disputes of law or fact identified above or other key issues? If that discovery includes depositions, please identify the deponent by name (if known), with a brief description of the witness's role in the case and what information the party taking the deposition seeks to discover.

**<u>Plaintiff's Perspective</u>**: <u>Discovery is necessary to understand the process by which the Defendants makes newly filed civil complaints available to the public.</u>

7

Information regarding how and when other courts make complaints available to the public.  Plaintiff anticipates taking the deposition of Sheila Bevington, Clerk of the Geauga County Court  of Common Pleas, who is likely to possess information about the physical layout, operations, and policies of the clerk's office of the Common Pleas Court for Geauga County as they relate to processing of, and media and public access to, newly filed civil petitions. Additionally, Plaintiff anticipates taking the deposition of Carl DiFranco, Clerk of the Lake County Court of Common Pleas, who is likely to possess information about the physical layout, operations, and policies of the clerk's office of the Common Pleas Court for Lake County as they relate to processing of, and media and public access to, newly filed civil petitions.

**Defendants' Perspective**:  Discovery is necessary to understand what information Plaintiff has gathered about the systems and processes used in various other courts as well as how instantaneous their needs are for access to new complaints in Lake and Geauga Counties.  Defendant anticipates taking the deposition of any employee of Plaintiff who has direct knowledge related to contact with Lake and Geauga counties and those with knowledge regarding the policies and procedures of Courthouse News, in addition to any employees or third parties with knowledge regarding historical access to the information Plaintiff seeks.  The identity of these specific individuals is not yet fully identified.

Again, mindful of the proportionality requirement of Rule 26(b)(1), please provide the following information:

Not including discovery regarding authenticity, ministerial matters, or the like:

How many requests for production of documents do counsel anticipate serving?

Plaintiff:	30

Defendant:	30

How many requests for admission do counsel anticipate serving?

Plaintiff:	15

Defendant:	15

What motions, if any, do the parties anticipate filing?

Motions for Summary Judgment.

Do the parties anticipate serving any third-party subpoenas? If so, please identify the recipients and information sought:

Not at this time.

Mindful of the proportionality requirement of Rule 26(b)(1), please provide the following information:

Please identify the subjects, if any, on which the parties anticipate expert testimony:

None at this time.

Please describe, in detail, the additional subjects, if any, on which discovery is likely to be sought, as well as the nature and extent of that anticipated discovery:

None.

What changes, if any, should be made to the limitations on discovery under the Rules? Should discovery proceed in stages or phases or be sequenced in any particular fashion?

No phasing or sequencing.

What other limitations on discovery, if any, do the parties believe should be imposed?

None.

What other issues do the parties anticipate arising in discovery or in the life of the case?

9

**N/A.** _____

_____

10. **Alternative Dispute Resolution.**

The parties agree that this matter:

___    is *presently suitable* for alternative dispute resolution ("ADR") and recommend the following method:

___ Early Neutral Evaluation      ___ Mediation

___ Arbitration      ___ Private Mediator

___ Summary Bench Trial      ___ ADR Panel

___ Summary Jury Trial      ___ Magistrate Judge

___X___    is *not presently suitable* for ADR, but may be after some discovery.

If the parties believe this matter is not presently suitable for ADR but might be later, please identify with particularity what discovery would be necessary before ADR might be appropriate:

**Plaintiff's perspective**:  Plaintiff is willing to participate in ADR at any time.

**Defendants' perspective**:  Defendants' position is that Discovery related to the scope of information Plaintiff and its employees possesses is necessary before ADR would be appropriate for this case.

___    is *not suitable* for ADR at any time.

If the parties believe this matter is not and will not be suitable for ADR at any time, please explain:

_____

_____

_____

10

**11.**	**Proposed Dates.**

---

**IMPORTANT NOTICE:**

If the Court enters a Case Management Order with dates the parties propose, those deadlines will not be adjusted except on a showing of good cause made sufficiently in advance of the deadline.

---

Subject to that admonition, the parties propose the following dates for this matter:

Cut-off Date to Amend the Pleadings: May 1, 2026

Cut-off Date to Add Parties:  May 1, 2026

Deadline for Motions Directed at the Pleadings: June 5, 2026

Fact Discovery Cut-Off: November 6, 2026

Initial Expert Report(s) Due:

Rebuttal Expert Report(s) Due:

Expert Discovery Cut-Off:

Dispositive Motion Deadline: December 4, 2026

Status Conference: <u>November 10, 2026</u>

The next status conference should be held: <u>By phone/**using Zoom**/in person.</u>

**12.** **<u>Other Matters</u>.**

If there are other matters the parties would like to bring to the Court's attention, please do so here:

<u>N/A.</u>

**Signatures, Representations, and Commitments:**

The Court requires counsel and parties to sign this Report, and they may do so in counterparts. Parties must physically (not electronically) sign; counsel may sign electronically.

In the case of an entity, the person signing this Report must identify his or her title and must have authority to bind the entity to the positions represented in this Report.

By signing this report, the parties certify that they have provided their counsel with sufficient and accurate information to conduct a meaningful conference after exercising reasonable diligence. Further, the parties certify that they have reviewed the information provided in Section 9 above.

By signing this report, the parties and their counsel certify that they have conferred in good faith, the answers and information provided in this Report are complete and accurate to the best of their knowledge after reasonable inquiry, and no position taken or stated in this Report is asserted for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

**See attached Exhibit A for signatures.**

_____          _____
Plaintiff                                Defendant




_____          _____
Attorney for Plaintiff                   Attorney for Defendant

**13.**     **<u>Litigation Funding</u>.**

Litigants must disclose any interest that might give rise to an actual conflict or the appearance of a conflict for any party, counsel, or the Court. Therefore, in addition to the disclosures under Local Rule 3.13 and Section 2 of the Court's Civil Standing Order, each party must submit a complete list of any persons, associations, firms, partnerships, corporations (including parent corporations, direct or indirect affiliates, joint venture partners, or others), guarantors, insurers, or other entities (other than counsel of record) which:

(a)     have a financial interest (direct, indirect, or as a cross-holder) in the subject matter in controversy, in a party to the proceeding or in the stock of a party (or affiliate) to the proceeding, or in co-counsel (whether of record or otherwise) or in counsel's firm;

(b)     fund (directly or indirectly) the prosecution of any claim, defense, or counterclaims;

(c)     have a direct or collateralized interest in the proceeds of the civil action—by settlement, judgment or otherwise—and/or whose interest is based in whole or part on a funding-based obligation to the action or to the appearing counsel or to any contractual co-counsel or to the law firm(s) of the counsel and/or co-counsel; or

(d)     have any other interest that could be substantially affected by the outcome of the proceeding, including but not limited to actual or functional decision-making authority with respect to litigation strategy, settlement, or other decisions normally reserved to parties or counsel.

13

This disclosure requirement applies if this case is part of a portfolio of cases in which any other person has a direct or indirect interest of the type described. Each party may submit this disclosure *ex parte* by email to calabrese chambers @ohnd.uscourts.gov.

Each party must physically (not electronically) sign this disclosure; counsel may sign electronically.  If this information changes during the course of the litigation, counsel and parties are under a continuing obligation to update this disclosure.

Please list any and all such persons or entities subject to disclosure under this paragraph:

N/A.

Respectfully submitted,

/s/ John C. Greiner
John C. Greiner (0005551)
Griffin R. Reyelts (0102240)
FARUKI PLL
201 East Fifth Street, Suite 1420
Cincinnati, OH  45202
Telephone:  (513) 632-0315
Fax:  (513) 632-0319
Email:  jgreiner@ficlaw.com
        greyelts@ficlaw.com

*Counsel for Plaintiff*
*Courthouse News Service*

/s/ Amily A. Imbrogno (per 3/19/2026 email authorization)
Amily A. Imbrogno (0092434)
Jonathan Sauline (0090822)
MEYERS, ROMAN, FRIEDBERG & LEWIS
28601 Chagrin Blvd., Suite 600
Cleveland, OH  44122
Telephone: (216) 831-0042
Fax:  (216) 831-0542
Email:  aimbrogno@meyersroman.com
        jsauline@meyersroman.com

*Counsel for Defendants*

14

**CERTIFICATE OF SERVICE**

I certify that on the 19th day of March, 2026, I electronically filed the Rule 26(f) Report of the Parties with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to CM/ECF participants:

Amily A. Imbrogno, Esq.
Jonathan Sauline, Esq.
28601 Chagrin Blvd., Suite 600
Cleveland, OH  44122
aimbrogno@meyersroman.com
jsauline@meyersroman.com

*Counsel for Defendants*

/s/ John C. Greiner
John C. Greiner

4909-3568-9362.3

15