**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| COURTHOUSE NEWS SERVICE, | ) | Case No. 1:25-cv-2617 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| BEVINGTON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**AMENDED CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

On October 20, 2026, the Court held a Case Management Conference. The following attended:

Griffin Reyelts for Plaintiff Courthouse News Service.

Amily Imbrogno appeared for Defendant Sheila Bevington.

David Smith appeared for Defendant Carl DiFranco.

1. Under Local Rule 16.2, this case is assigned to the standard track.

2. Under Local Rule 16.4, this case was not referred to Alternative Dispute Resolution at this time.

3. Currently, the parties do not consent to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c).

4. Under Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.1, the schedule for this matter will proceed as follows:

| | |
|---|---|
| Motions to amend pleading or add additional parties: | May 1, 2026 |
| Motions directed to pleadings: | June 5, 2026 |
| Fact discovery deadline: | February 5, 2027 |
| Dispositive motion deadline: | March 5, 2027 |

5. The Court will refer the matter to the Magistrate Judge for mediation or, alternatively, for management of the pretrial workup for summary judgment. The parties will receive further instructions from Judge Armstrong's Chambers.

6. The parties agree to follow the default standard for discovery of ESI found in Appendix K to the Local Rules. The parties may request a protective order at a later date. Pursuant to Rule 502(d) of the Federal Rules of Evidence, a disclosure of a communication or information covered by the attorney-client privilege or work-product protection made in connection with this litigation shall not constitute a waiver of that privilege or protection in this or any other federal or State proceeding.

**The Court's Standing Order**

The Court incorporates its Civil Standing Order here and refers the parties to it, particularly with respect to the participation of younger lawyers. The standing order is available on Judge Calabrese's page on the Northern District of Ohio's website and will be updated from time to time. Counsel should also familiarize themselves with the Local Rules regarding briefing, motions and memoranda, and discovery requirements. During the course of litigation, any questions or concerns regarding any aspect of this case should be directed to (216) 357-7265.

**Discovery Disputes and Materials**

The Court expects parties to make all reasonable efforts to resolve discovery disputes among themselves, as Rule 37(a)(1) requires. Generally, such efforts require conferring by telephone, not simply by email. Before filing any discovery motion (motion to compel, motion to quash, motion for protective order, etc.), the parties should advise the Court, which will handle the matter according to the procedure in Local Rule 37.1(a). The Court orders that no party may file any discovery motion without first personally conferring and exhausting the procedures in Local Rule 37.1(a).

Without leave of Court, no discovery materials shall be filed, except as necessary to support motions. If a party intends to rely on deposition testimony in support of its position on a motion, the Court prefers the filing of the entire deposition rather than excerpts. The Court will not consider factual allegations or arguments relying on the record that do not cite specific pages in the record or that are unsupported by the record citation provided.

**Electronic Filing**

This case is subject to mandatory electronic filing pursuant to Local Rule 5.1(c). If not already done, all counsel must complete Attorney Registration Forms and return them to the Clerk of Court as soon as possible so that attorney user accounts can be established. An Attorney Registration Form is in the Policies and Procedures Manual. In addition, counsel can easily register online at:

https://www.ohnd.uscourts.gov/attorney-registration-change-nameaddress-primary-email.

A *pro se* litigant (a party who does not have a lawyer) may register to receive a "read only" electronic filing account so that he/she may access documents in the system and receive electronic notice, but all of his or her filings must be completed manually, as typically only registered attorneys, as Officers of the Court, are permitted to file electronically.

Only counsel of record will be notified of court proceedings. Moreover, both counsel and *pro se* litigants have an affirmative duty to notify the Court of any change in address and/or other contact information. Counsel shall follow the instructions for updating contact information via the procedures set forth on the Court's public website. *See* Attorney Registration Change of Name/Address instructions set forth at www.ohnd.uscourts.gov. *Pro se* litigants shall file a written notice of change of address with the Court.

**SO ORDERED.**

Dated: October 22, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio